```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

LAWRENCE DONMORE,

                                Plaintiff,

v.                                            **DECISION AND ORDER**
                                                        07-CV-732S

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

       1.      Plaintiff Lawrence Donmore challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since December 1, 2004, due to impairments of both feet, an adjustment disorder, and obesity.[1] Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

       2.      Plaintiff filed an application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") on December 10, 2004. His application was denied initially, after which he requested a hearing before an ALJ. That hearing took place on June 18, 2007. The ALJ considered Plaintiff's case *de novo*, and on July 7, 2007, issued a decision denying Plaintiff's application for benefits. On September 28, 2007, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action

---

[1] At the hearing, Plaintiff amended his alleged onset date from January 31, 2004, to December 1, 2004. (R. at 421-22.)

challenging Defendant's final decision on November 1, 2007.[2]

3. The parties subsequently filed Motions for Judgment on the Pleadings on May 19, 2008. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on July 28, 2008. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must

---

[2] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed"

> impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since January 31, 2004 (R. at 19); (2) Plaintiff's bilateral foot deformities, adjustment disorder, and obesity are, in combination, "severe" impairments within the meaning of the Act (R. at 19-20); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 20); (4) Plaintiff retained the residual functional

capacity ("RFC") to perform work activity with certain restrictions (R. at 20[3]); and (5) Plaintiff is unable to perform any of his past relevant work, but based on his age, education, work experience, and RFC, Plaintiff is capable of performing sedentary work, including the duties of a lock assembler or a toy assembler. (R. at 22-23[4]). The ALJ therefore concluded that Plaintiff was not disabled.

10. Plaintiff asserts a number of challenges to the ALJ's decision. First, Plaintiff contends that the ALJ failed to give adequate weight to the opinion of his treating physician, Dr. Bernard Rohrbacher. (Pl.'s Mem., pp. 5-7.[5]) According to the "treating physician rule,"[6] the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under

---

[3] In particular, the ALJ found that Plaintiff could perform incidental stair climbing. He could understand, remember and carry out simple instructions. He could not squat, kneel, crawl or stand on his feet for more than an hour, and he would need to use an assistive device if walking a significant distance. (R. 20.)

[4] As a lock assembler, the ALJ found that there were 105,000 jobs in the national economy and 590 jobs in the Western New York region. (R. at 23.) And as a toy assembler, the ALJ found that there were 1350,000 in the national economy and 538 jobs in the Western New York region. (Id.)

[5] Referring to Plaintiff's Memorandum of Law in Support of his Motion for Judgment on the Pleadings. (Docket No. 8.)

[6] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

5

20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of treating physician, and (6) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

Having reviewed the evidence at issue, this Court detects no reversible error in the ALJ's treatment of Dr. Rohrbacher's opinion. First, as the ALJ held, Dr. Rohrbacher's opinion is internally inconsistent as he stated that Plaintiff "could 'never' and 'occasionally' lift up to 10 pounds and 'never' and 'frequently' lift 11-20 pounds [and] could 'occasionally' and 'frequently' carry up to five pounds and 'occasionally' carry up to 10 pounds." (R. at 20). Second, the ALJ held that Dr. Rohrbacher's opinion was likely based on Plaintiff's subjective complaints. (R. at 22.) Because the ALJ found Plaintiff not to be credible due to his numerous arrests, his recent probation for marijuana and for domestic violence, he therefore extended little weight to Dr. Rohrbacher's report. (R. at 22.) Finally, to the extent Dr. Rohrbacher's opinion concludes that Plaintiff is disabled and therefore unable to work, it is well-settled that Plaintiff's disability is a determination reserved to the Commissioner, not a treating physician. See 20 C.F.R. § 404.1527. Accordingly, this Court finds that the ALJ gave an adequate justification for not attributing controlling or extra weight to the Dr. Rohrbacher's opinion.

11. Plaintiff also argues that the ALJ erred by failing to re-contact Dr. Rohrbacher

6

to allow him to clarify his statement that Plaintiff was disabled from full-time competitive employment. (Pl.'s Memo, p. 8.) Additionally, Plaintiff contends that the ALJ ignored Dr. Rohrbacher's opinion. (Id.)

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). But the ALJ is not prevented from making a disability determination even if "the evidence . . . , including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [so long as the ALJ weighs] all of the evidence and see[s] whether [he] can decide whether [plaintiff is] disabled based on the evidence." 20 C.F.R. § 404.1527(c)(2). Further, Social Security Ruling 96-5p instructs adjudicators that opinions from any medical source about issues reserved to the Commissioner, such as those regarding whether Plaintiff meets the statutory definition of disability, must never be ignored.

Here, there is no indication that the ALJ had insufficient evidence or could not reach a conclusion based on the record before him. The record contained multiple reports, notes, and examinations by Dr. Rohrbacher. Further, the ALJ did not ignore Dr. Rohrbacher's opinion, but rather, found that it was neither controlling nor entitled to extra weight for the reasons mentioned above. Thus, the ALJ did not err in declining to contact Dr. Rohrbacher.

12. Plaintiff lastly contends that despite initially finding that Plaintiff's obesity was a severe impairment, the ALJ failed to subsequently consider how, if at all, his "obesity affected his RFC at steps four and five of the sequential analysis." (Pl.'s Memo, pp. 8-9.) Plaintiff therefore argues that this case must be remanded so that Plaintiff's obesity can be properly considered. (Id.)

As an initial matter, this Court notes that the ALJ did not consider Plaintiff's obesity

to be a severe impairment by itself, but rather, found that Plaintiff's obesity combined with the condition of his feet and his adjustment disorder constituted a severe impairment. (R. at 19). And when subsequently determining Plaintiff's RFC, and evaluating his RFC at steps four and five in the analysis, the ALJ evaluated Plaintiff's impairment by considering his three conditions as a whole. Thus, simply because the ALJ failed to expressly mention Plaintiff's obesity does not mean that the ALJ failed to consider it.

But in any event, Plaintiff has not demonstrated how an additional analysis of his obesity condition would change the ALJ's decision. For instance, in his RFC assessment, Dr. Rohrbacher never mentioned Plaintiff's obesity. (R. at 396-398). Nor did any of the consultative physicians who examined Plaintiff diagnose obesity. (R. at 233, 256, 329). And according to the vocational expert witness, the sedentary work the ALJ found Plaintiff physically able to perform would allow Plaintiff to be seated, and generally not leave the work station. (R. at 442). Thus, this Court finds the ALJ committed no error.

13. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings, and deny Plaintiff's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is

DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 7, 2009
       Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge